UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
EARL JONES,

                Petitioner,

**OPINION & ORDER**
**08-CV-4213**

-against-

DISTRICT ATTORNEY
OF NASSAU COUNTY

                Respondent.
----------------------------------------------------X
FEUERSTEIN, J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUL 21 2011 ★
LONG ISLAND OFFICE

On October 2, 2008, petitioner Earl Jones ("Petitioner") filed the instant petition against David DiGugilielmo, warden of the correctional facility in which Petitioner is in custody, seeking a writ of audita querela pursuant to 28 U.S.C. § 1651. By order dated November 14, 2008, Petitioner's application for leave to amend his petition was granted and the District Attorney of Nassau County was substituted as the respondent ("Respondent") in this proceeding. For the reasons set forth below, the petition is denied.

I.     Background[1]

     A.     New York Conviction

In 1963, the People of the State of New York charged Petitioner with, *inter alia*, murder in the first degree pursuant to former N.Y. PENAL LAW § 1044. During the instructions to the

---

[1]The facts in this case are essentially undisputed.

1

jury with respect to the charge of murder in the first degree, the trial judge stated, in relevant part, as follows:

> You will recall that when I outlined manslaughter to you I stated that intent to kill is not a necessary element. In law a person is presumed to intend the natural consequences of his act, and unless the act is done under such circumstances as to preclude the existence of such an intent, you the jury may find from the result produced an intention to effect the result, but you are not required so to find.

New York Trial Transcript at 1134.

The jury subsequently *acquitted* Petitioner of murder in the first degree and convicted Petitioner of the lesser-included offense of manslaughter in the first degree pursuant to former N.Y. PENAL LAW § 1050. Pet. at 2. On July 18, 1963, judgment was entered against Petitioner in the Supreme Court of the State of New York, County of Nassau, upon the jury verdict and imposition of a sentence of an indeterminate term of imprisonment of ten (10) to twenty (20) years. Id.

Petitioner appealed the judgment of conviction to the Supreme Court of the State of New York, Appellate Division, Second Judicial Department, alleging, *inter alia*, that the sentence imposed was excessive. On December 28, 1964, the Appellate Division affirmed the judgment without opinion. People v. Jones, 22 A.D.2d 1016, 256 N.Y.S.2d 322 (N.Y. App. Div. 1964). On or about February 5, 1965, the New York State Court of Appeals denied Petitioner's application for leave to appeal the Appellate Division's December 28, 1964 order. Respondent's Affidavit ("Response") at 3.

Thereafter, Petitioner moved pursuant to People v. Huntley, 15 N.Y.2d 72 (1965), for a post-conviction hearing to determine the voluntariness of admissions used at trial, claiming: (1) that the People had not proved beyond a reasonable doubt that his admissions were voluntary and

(2) that his request for counsel had been erroneously denied. Response at 3. By decision dated March 17, 1966, the trial court (Lynde, J.) denied Petitioner's motion, finding that Petitioner had not requested counsel and that "beyond a reasonable doubt, . . . the statement was given voluntarily." Id. Defendant appealed the March 17, 1966 decision to the Appellate Division. Id. By decision dated June 12, 1967, the Appellate Division affirmed the March 17, 1966 order without opinion. People v. Jones, 28 A.D.2d 827, 282 N.Y.S.2d 469 (N.Y. App. Div. 1967).

B.   Pennsylvania Conviction

On January 9, 1989, the Commonwealth of Pennsylvania charged Petitioner with murder in the third degree and voluntary manslaughter. Pet. at 3. Following a jury trial, Petitioner was convicted of murder in the third degree and possessing an instrument of crime. Id. On January 11, 1990, following a hearing, Petitioner was sentenced to a term of life imprisonment without parole pursuant to Pennsylvania's mandatory enhancement statute, which requires such a sentence for "any person convicted of murder of the third degree . . . who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction." 42 PA. CONS. STAT. ANN. § 9715.

Thereafter, Petitioner filed post-conviction motions for a new trial and arrest of judgment in the Pennsylvania state court, alleging, *inter alia*, that the trial court erred in imposing a life sentence pursuant to 42 PA. CONS. STAT. ANN. § 9715 on the basis of his 1963 conviction in New York. By order dated November 28, 1990, the Court of Common Pleas of Pennsylvania, Philadelphia County (Saritt, J.) denied Petitioner's motions, finding, *inter alia*, that Petitioner "was properly sentenced to life in prison under 42 [PA. CONS. STAT. ANN.] § 9715."

Commonwealth v. Jones, 9 Pa. D. & C.4th 48, 56 (Pa. Com. Pl. November 28, 1990). On November 21, 1990, Petitioner appealed his judgment of sentence to the Superior Court of Pennsylvania. On October 8, 1991, the Superior Court affirmed the judgment of sentence. Commonwealth v. Jones, 417 Pa. Super. 654, 603 A.2d 1080 (Pa. Super. Ct. 1991). On September 1, 1992, the Supreme Court of Pennsylvania denied Petitioner's appeal of the October 8, 1991 order of the Superior Court. Commonwealth v. Jones, 531 Pa. 660, 613 A.2d 1209 (1992).

On October 30, 1992, Petitioner filed his first petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. § 9545(b)(1), which was denied on August 21, 1995. On January 7, 1997, the Superior Court affirmed the October 30, 1992 order. Commonwealth v. Jones, 698 A.2d 108 (Pa. Super. Ct. 1997). On May 14, 1997, the Pennsylvania Supreme Court denied Petitioner's appeal from the January 7, 1997 order of the Superior Court.

C. Return to New York State Court

On January 4, 1994, Petitioner filed a motion pursuant to N.Y. CRIM. PROC. LAW. § 440 in the Supreme Court of the State of New York, challenging his 1963 New York conviction on the basis that his constitutional rights were violated by (1) a discriminatory grand jury process, (2) the empanelment of a "death-qualified" grand jury and (3) the ineffective assistance of counsel at trial. Response at 4. On August 8, 1994, the New York state court (DeRiggi, J.) denied the motion, finding Petitioner's discrimination and ineffective assistance of counsel claims to be without merit and his remaining claim to be procedurally barred by N.Y. CRIM. PROC. LAW §

440.10(2)(c). Response at 4.

On November 21, 1994, the Appellate Division denied Petitioner's application for leave to appeal from the August 8, 1994 order. Response at 5. On January 31, 1995, the New York State Court of Appeals denied Petitioner's application for leave to appeal the November 21, 1994 order of the Appellate Division. Id.

D. Prior Federal Proceeding

On June 19, 1995, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, alleging the same constitutional violations as those made before the state courts, which was assigned to the Honorable Thomas C. Platt under docket No. 95-CV-2474. Response at 5-6. By order dated February 1, 1996, Judge Platt denied the § 2254 petition, finding Petitioner's claims to be without merit and procedurally barred. Id. By mandate entered March 27, 1997, the United States Court of Appeals for the Second Circuit dismissed Petitioner's appeal of Judge Platt's February 1, 1996 order.

E. Return to Pennsylvania State Court

On April 24, 2000, Petitioner filed a petition for a writ of habeas corpus in the Pennsylvania state court, which was treated by that court as a second PCRA petition, the first having been filed in October 1992. The state court dismissed the second PCRA petition as untimely on June 27, 2000.

On August 15, 2003, Petitioner filed another petition for a writ of habeas corpus in the Pennsylvania state court, which was treated by that court as his third PCRA petition. On

5

December 16, 2003, the Pennsylvania state court dismissed Petitioner's third PCRA petition as untimely. On September 1, 2004, the Pennsylvania Superior Court affirmed the December 16, 2003 order. Commonwealth v. Jones, 863 A.2d 1225 (Pa. Super. 2004). On March 14, 2005, the Supreme Court of Pennsylvania denied Petitioner's appeal of the September 1, 2004 order of the Superior Court. Commonwealth v. Jones, 582 Pa. 683, 870 A.2d 321 (2005). On June 13, 2005, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. Jones v. Pennsylvania, 545 U.S. 1121, 125 S. Ct. 2923, 162 L. Ed. 2d 307 (2005).

F.  The Instant Proceeding

On October 8, 2008, Petitioner filed the instant petition, seeking a writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651. Pet. at 1. Petitioner alleges that the Supreme Court's decision in Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979), created a new legal objection to his New York conviction, arising subsequent to that conviction, that "is not redressable pursuant to another post conviction remedy." Pet. at 1. The legal objection to which Petitioner refers is the Supreme Court's holding in Sandstrom that where intent is an element of a crime, a jury instruction to the effect that "the law presumes that a person intends the ordinary consequences of his voluntary acts" violates the Due Process Clause of the Fourteenth Amendment because it impermissibly shifts the burden of proof from the government to the defendant. Sandstrom, 442 US. at 519-27, 99 S. Ct. at 2456-61. Petitioner contends that in light of Sandstrom, his conviction of manslaughter in the first degree should be vacated based upon the trial court's jury instruction with respect to murder in the first degree that "a person is presumed to intend the natural and probable consequences of his act."

6

II. Discussion

   A. Legal Standard

The writ of audita querela is "an extraordinary remedy under the All Writs Act, 28 U.S.C. § 1651(a)," Persico v. United States, No. 10-86-pr, 2011 WL 1332184, *1 (2d Cir. April 8, 2011), that "remain[s] available in very limited circumstances with respect to criminal convictions." United States v. Sperling, 367 F. App'x. 213, 214 (2d Cir. 2010) (quotations and alterations omitted), cert. denied, 131 S. Ct. 441, 178 L. Ed. 2d 345. "Audita querela is probably available where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." United States v. LaPlante, 57 F.3d 252, 253 (2d Cir. 1995). Although neither the Supreme Court nor the Second Circuit has delineated the exact scope of the writ, a petitioner seeking the writ must prove, at least: (1) that a legal objection relevant to his criminal conviction has arisen subsequent to the conviction; and (2) that the conviction cannot be challenged through alternative remedies. See id.; see also United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) ("[I]f the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie.").

A court will not grant the writ where a new legal rule does not apply to the conviction challenged. See LaPlante, 57 F.3d at 253 (2d Cir. 1995) ("Nothing has occurred subsequent to the conviction that remotely creates a legal objection to the conviction, such as might be redressable by a writ of audita querela."); see also Mora v. United States, 358 F. App'x. 223, 224

7

(2d Cir. 2009) (affirming a denial of the writ where a legal change did not create an objection to the petitioner's sentence); Richter, 510 F.3d at 104 (affirming a denial of the writ because, *inter alia*, the Supreme Court case upon which petitioner based his claim was not applicable to the petitioner's sentence).

B. Application

Petitioner fails to meet the first requirement for a writ of audita querela. The Supreme Court's holding in Sandstrom does not present a legal objection to Petitioner's New York conviction because intent was not a necessary element of the crime for which Petitioner was convicted, i.e., manslaughter in the first degree pursuant to former N.Y. PENAL LAW § 1050. Petitioner was *acquitted* of murder in the first degree, the crime of which intent was an element and to which the challenged jury instruction pertained. Thus, Petitioner has not alleged a new legal objection relevant to his New York conviction. Therefore, a writ of audita querela does not lie.

Petitioner also cannot satisfy the second requirement to obtain a writ of audita querela because other avenues of judicial review were available to Petitioner to challenge his New York conviction. The fact that Petitioner's collateral attack of his New York conviction on the grounds now raised by him may be time-barred, or otherwise procedurally barred, does not render those avenues "unavailable." See, e.g., Persico, 2011 WL 1332184, *1 (holding that there was no basis for audita querela relief because the fact that the petitioner's claims were time-barred did not render relief under 28 U.S.C. § 2255 unavailable).

8

C. Certificate of Appealability

As Petitioner has failed to make a substantial showing of a violation of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(1); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Contino v. United States, 535 F.3d 124, 127 (2d Cir. 2008); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253.

V. Conclusion

The petition for a writ of audita querela is denied and the proceeding is dismissed. A certificate of appealability will not issue. The Clerk of the Court is directed to service notice of entry of this Order on all parties in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure, including mailing a copy of the Order to the *pro se* Petitioner at his last known address, Fed. R. Civ. P. 5(b)(2)(C), and to close this case.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 21, 2011
Central Islip, New York